UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FREDERICK REUS and CECILE REUS,

                              Plaintiffs,                    8:19-cv-01327 (BKS/DJS)

v.

WILLIAM ARTHUR, MICHAEL TETREAULT,
and TOWN OF CHAZY,

                              Defendants.
_____

**Appearances:**

*For Plaintiffs:*
Alan Weinraub
Alan Weinraub P.A.
11 Clark Road
Champlain, NY 12919

*For Defendants:*
Corey A. Ruggiero
Johnson & Laws, LLC
648 Plank Road, Suite 204
Clifton Park, NY 12065

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Plaintiffs Frederick Reus and Cecile Reus bring this action under 42 U.S.C. § 1983 against Defendants Town of Chazy, William Arthur, the Town Supervisor, and Michael Tetreault, the Town Building Code and Zoning Officer. (Dkt. No. 1). Plaintiffs allege that Defendants deprived them of procedural due process and equal protection, in violation of the Fourteenth Amendment, "libeled and slandered" them, and "conspired to do said damages." (*Id.* at 1). Presently before the Court are: (1) Defendants' motion to dismiss the Complaint under

Federal Rules of Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim, (Dkt. No. 4), and (2) Plaintiffs' cross-motion to amend the Complaint under Rule 15 to add Gray Gables Corporation as a Plaintiff, (Dkt. No. 10). Having considered the parties' submissions,[1] the Court grants Defendants' motion to dismiss under Rule 12(b)(1) and denies Plaintiffs' cross-motion to amend.

## II.     CROSS-MOTION TO AMEND – Fed. R. Civ. P. 15

With their cross-motion to amend, (Dkt. No. 9, at 5), Plaintiffs have submitted a proposed Amended Complaint adding Gray Gables Corporation as a Plaintiff. (Dkt. No. 10). Plaintiffs assert that they "have as a matter of right, the ability to file an Amended Complaint." (Dkt. No. 13). Defendants argue that the time for filing an amended pleading as of right has passed and that any amendment would be futile.[2] (Dkt. No. 11, at 6–10).

Federal Rule of Civil Procedure 15(a)(1) provides that: "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . whichever is earlier." Plaintiffs filed their proposed Amended Complaint on December 19, 2019—more than 21 days after Defendants' November 25, 2019 filing and service of their motion to dismiss. (Dkt. No. 4). Thus, as Plaintiffs

---

[1] In opposition to Defendants' motion to dismiss and support of their motion to amend, Plaintiffs filed two memoranda of law. (Dkt. Nos. 6, 9). The first memorandum of law does not contain a table of contents. (Dkt. No. 6). Plaintiffs appear to have attempted to correct this by filing a separate table of contents. (*See* Dkt. No. 7 (table of contents mislabeled on the docket as a memorandum of law)). The second memorandum of law contains a table of contents. (Dkt. No. 9). As the memoranda of law are otherwise identical, the Court cites to the second memorandum of law, (Dkt. No. 9), for convenience.

[2] Defendants also argue that Plaintiffs failed to comply with Local Rule 7.1(4), which requires the moving party to attach "an unsigned copy of the proposed amended pleading to its motion papers." (Dkt. No. 11, at 6–9). Indeed, Plaintiffs did not include a proposed amended pleading to their initial opposition to Defendants' motion to dismiss, which they asserted was "a cross-motion to add the corporation Gray Gables Corporation as party Plaintiff by amending the complaint." (Dkt. No. 6, at 4). As Plaintiffs subsequently filed an Amended Complaint on December 19, 2019, the Court concludes they have satisfied Local Rule 7.1(4). The Court notes, however, that Plaintiffs improperly filed it as a signed and operative pleading, without obtaining Defendants' consent or the Court's leave.

cannot file the proposed Amended Complaint "as a matter of course," and do not have Defendants' "written consent," they "may amend [their] pleading only with the . . . court's leave." Fed. R. Civ. P. 15(a)(2).

In general, leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Where plaintiffs seek to amend their complaint while a motion to dismiss is pending, a court 'has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint.'" *Haag v. MVP Health Care*, 866 F. Supp. 2d 137, 140 (N.D.N.Y. 2012) (quoting *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)). Since Defendants have had a full opportunity to respond to the proposed amendments and the primary claims remain the same, the Court considers the merits of the motions to dismiss in light of the proposed Amended Complaint. If the claims in the proposed Amended Complaint cannot survive the motions to dismiss, then Plaintiffs' cross-motion to amend will be denied as futile. *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6).").

### III.    FACTS[3]

Plaintiffs Frederick and Cecile Reus own 100 percent of Gray Gables Corporation and are its "officers and directors." (Dkt. No. 10, at 3). Gray Gables Corporation owns the property at

---

[3] The facts are drawn from the proposed Amended Complaint and its exhibits. The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). On the ground that they are outside the pleadings, the Court has not considered the following additional facts asserted in Plaintiffs' memorandum of law: (1) "Under the pressure of the complaints and upon information and belief, [Defendants] closed Gray Gables because it rents to people who are just out of jail, mentally\challenged [sic] or poor and have no other place to live," (Dkt. No. 9, at 4); (2) Plaintiffs are currently in litigation with "ETC Corporation in Supreme Court of New York, Clinton County, Index # 18-1669," wherein they allege "ETC improperly complained to Defendants herein and . . . had others do the same in order to convert Plaintiff's tenants to their own," (*id.*); (3) "Officers of ETC have written letters to Defendants wrongfully describing Plaintiff's

3

issue in this case—9627/9629 Route 9 in the Town of Chazy, New York. (*Id.* at 2–3). There are two apartment buildings ("Gray Gables Apartments") on 9627 Route 9. (*Id.* at 10).

In a letter dated July 7, 2019, Defendant Town "Code/Zoning" Officer Michael Tetreault advised the Reuses that "9627 Rt.9, 'Gray Gables'" had been deemed "Unsafe/Uninhabitable":

> Upon receiving complaints from persons residing at 9627 Rt. 9 as well as inquiries from Legal Aid Society, Clinton County Health Department and the NY State Office of Oversight and my personal inspection of the above referenced property the following action is taken:
> The structure known as "Gray Gables" apartments consisting of two buildings, is [sic] located at 9627 Rt. 9 of which you are the owner/responsible person in charge is hereby deemed "STRUCTURE UNFIT FOR HUMAN OCCUPANCY," per NY State Property Maintenance Code Section 101.2.7.4.3., as well as Chazy Local Law #3 of 1994 Section 11.
> At this time all persons occupying the structure shall vacate the premises' [sic] by July 22, 2019. The building shall remain vacant until such time as you the owner of the property have an Engineering report completed detailing all deficiencies at the property and required repairs to bring the structure's [sic] into compliance with the NY State Building Code.

(*Id.*).

At a Town Board meeting on July 8, 2019, Defendant Tetreault "told the Board that he ha[d] written a letter to Grey [sic] Gables owner Fred Reus informing him that he will be posting a notice on the door that all tenants must be out by July 22nd" and "recommended that the Board take action immediately as detailed in Section 11 of Town of Chazy Local Law #3 of 1994."[4]

---

property as uninhabitable," (*id.*); and (4) "No court of law has ever upon information and belief found that Gray Gables is or was uninhabitable," (*id.*). *See Friedl v. City of New York*, 210 F.3d 79, 83–84 (2d Cir. 2000) ("[A] district court errs when it considers affidavits and exhibits submitted by defendants or relies on factual allegations contained in legal briefs or memoranda in ruling on a 12(b)(6) motion to dismiss." (internal alterations, quotations and citations omitted)).

[4] Section 11 of Town of Chazy Local Law # 3 governs "Emergency Cases" and provides:

> Where it reasonably appears that there is present a clear and imminent danger to the life, safety or health of any person or property, unless an unsafe building is immediately repaired and secured or demolished, the Town Board may, by resolution, authorize the Building Inspector to immediately cause the repair or

(*Id.* at 13). The meeting minutes from the July 8, 2019 meeting do not indicate that the Board took any action with respect to Gray Gables Apartments at that time. (*Id.* at 11–29).

The Town Board met again on July 16, 2019. (*Id.* at 30–33). Plaintiffs' attorney, Alan Weinraub, and "F. Reus" were present. (*Id.* at 30). During the "public comment" portion of the meeting, Mr. Weinraub "asked for a chance to speak after the resolutions are passed." (*Id.*). Town Councilor Cathy Devins made a motion to pass a "resolution with respect to the condition of the structures located at 9627/9629 NYS Route 9." (*Id.* at 32).

> WHEREAS, the Town Board needs to take action with, respect to the reports of the Building Inspector/Codes Enforcement Officer, and
> THEREFORE BE IT RESOLVED, that pursuant to Section 11 "Emergency Cases" of the above-referenced Local Law the Town Board is directing that all tenants at the property . . . be removed from the property by July 22, 2019 since the condition of the subject property presents a clear and imminent danger to life, safety, and health of the current tenants at said property.
> BE IT FURTHER RESOLVED, that the Town Board will consider its other options with respect to the subject property pursuant to the above Local Law.

(*Id.* at 32–33). The meeting minutes indicate that before voting on this resolution, there was a discussion and it was determined: "Yes, serious ramifications to Town if [Gray Gables Apartments are] not closed." (*Id.* at 33). The Town Board then passed the resolution. (*Id.*). Plaintiffs' attorney objected to the passing of the second resolution and "asked the Board to consider withdrawing the resolution." (*Id.*).

According to Plaintiffs, neither Defendant Tetreault nor Defendant Town Supervisor William Arthur, who voted in favor of the above resolution, (*Id.*), "gave notice to the plaintiff

---

demolition of such unsafe building. The expenses of such repair or demolition shall be a charge against the land on which it is located.

(Dkt. No. 10, at 8).

5

about any repairs needing to be made to Gray Gables [Apartments] before condemning the property under color of State and local law." (*Id.* at 2). At some point, however, the "Town" "provided" a "list" of deficiencies to Plaintiffs containing "many items," but "very few, if any could be considered to present a 'clear and imminent danger to life, safety or health of any person or property.'" (*Id.*). Plaintiffs do not identify any "item" on the list. Plaintiffs further assert that Defendants failed to conduct an inspection, issue a "Town order" or "notice," or serve and record notice in accordance with "Section[s] 4–8" of Local Law #3.[5] (*Id.*). Plaintiffs contend

---

[5] Local Law #3 provides in relevant part:

> Section 4. Investigation and Report. When, in the Building Inspector's own opinion or upon receipt of information that a building (1) is or may become dangerous or unsafe to the general public, (2) is open at the doorways and windows making it accessible to and an object of attraction to minors under eighteen years of age, as well as to vagrants and other trespassers, (3) is or may become a place of rodent infestation, (4) presents any other danger to the health, safety, morals and general welfare of the public or (5) is unfit for the purposes for which it may lawfully be used, the Building Inspector shall cause or make an inspection thereof and report in writing to the Town Board his findings and recommendations in regard to its repair or demolition and removal.
>
> Section 5. Town Board Order. The Town Board shall thereafter consider such report and by resolution determine, if in its opinion the report so warrants, that such building is unsafe and dangerous and order its repair if the same can be safely repaired or its demolition and removal, and further order that a notice be served upon the persons and in the manner provided herein.
>
> Section 6. Notice; Contents. The notice shall contain the following: (1) a description of the premises; (2) a statement of the particulars in which the building is unsafe or dangerous; (3) an order outlining the manner in which the building is to be made safe and secure, or demolished and removed; (4) a statement that the securing or removal of such building shall commence within thirty (30) days of the service of the notice and shall be completed within sixty (60) days thereafter, unless for good cause shown such time shall be extended; (5) a date, time and place for a hearing before the Town Board in relation to such dangerous or unsafe building, which hearing shall be scheduled not less than five (5) business days from date service the notice; and (6) a statement that in the event of neglect or refusal to comply with the order to secure or demolish and remove the building; the Town Board is authorized to provide for its demolition and removal, to assess all expenses thereof against the land on which it is located and to institute a special proceeding to collect the costs of demolition, including legal expenses.
>
> Section 7. Service of Notice. The said notice shall be served by serving and posting copies thereof as follows: (1) by personal service of a copy thereof upon the owner, executor, administrator, agent, lessee or any person having a vested or contingent interest in such unsafe building as shown by the records of the receiver of taxes or of the county clerk; [2] or if no such person can be reasonably found by mailing such owner by registered mail a copy of such notice by personal

Defendants "used different pieces of their ordinance" to justify condemning Gray Gables Apartments, including Section 11 for "Emergency Cases," and "did not follow the process steps described." (*Id.* at 3). Plaintiffs allege that, as a result of Defendants' actions, they have "lost all income [including rents] from ownership of their apartment building and employment by Gray Gables Corporation, which was wrongfully shut down and condemned." (*Id.* at 3–4). Plaintiffs further assert that their injuries include "diminished property values." (*Id.* at 4). Plaintiffs also claim that Defendants defamed, slandered, and libeled them. (*Id.* at 3).

## IV.     MOTION TO DISMISS – Fed. R. Civ. P. 12(b)(1)

### A.     Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A lack of standing "may be addressed through a Rule 12(b)(1) motion." *Lyons v. Litton Loan Servicing LP*, 158 F. Supp. 3d 211, 218 (S.D.N.Y. 2016). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). A defendant may make "a fact-based Rule 12(b)(1) motion, proffering evidence beyond the complaint and its exhibits." *Nicholas v. Trump*, No. 18-cv-8828,

---

> service of a copy of such notice upon any adult person residing in or occupying said premises if such person can be reasonably found; and (3) by securely affixing a copy of such notice upon the unsafe building.
>
> Section 8.  A copy of the notice served as provided herein shall be filed in the office of the County Clerk of the County of Clinton.

(Dkt. No. 10, at 7–8).

2020 WL 209274, at *3, 2020 U.S. Dist. LEXIS 6427, at *8 (S.D.N.Y. Jan. 14, 2020) (quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016)). A plaintiff must then "come forward with evidence of their own to controvert that presented by the defendant, or may instead rely on the allegations in the[ir p]leading if the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing." *Id.* (quoting *Katz v. Donna Karan Co.*, L.L.C., 872 F.3d 114, 119 (2d Cir. 2017)).

**B.    Analysis**

Defendants assert that Frederick and Cecile Reus fail to allege "injury-in-fact" because any alleged injury was to Gray Gables Corporation as owner of Gray Gables Apartments, and that the Reuses themselves therefore lack standing. (Dkt. No. 4-1, at 10). The Reuses attempt to overcome this by moving to amend the complaint to add Gray Gables Corporation as a Plaintiff but do not otherwise contest Defendants' argument that they lack standing. (Dkt. No. 9, at 5).

"Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). "'One element of the case-or-controversy requirement' is that plaintiffs 'must establish they have standing to sue.'" *Id.* (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). To establish standing, (1) "the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest," (2) "there must be a causal connection between the injury and the conduct complained of," and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). (citations and internal quotation marks omitted). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Whalen v. Michael Stores Inc.*, 153 F. Supp. 3d 577, 580 (E.D.N.Y. 2015) (quoting *Lujan*, 504 U.S. at 561), *aff'd*, 689 F. App'x 89 (2d Cir. 2017). "A plaintiff suffers an injury-in-fact where he [or she] has been injured in a 'personal and individual way.'"

8

*Costello v. Town of Huntington*, No. 14-cv-2061, 2015 WL 1396448, at *4, 2015 U.S. Dist. LEXIS 38059, at *9 (E.D.N.Y. Mar. 25, 2015) (quoting *Lujan*, 504 U.S at 560 n.1). For this reason, "whether a plaintiff has standing 'depends considerably upon whether the plaintiff is himself an object of the action (or forgone action) at issue.'" *Id.* at *4, 2015 U.S. Dist. LEXIS 38059, at*9 (quoting *Lujan*, 504 U.S. at 561).

The property at 9627/9629 Route 9 is owned by Gray Gables Corporation, "which is 100% owned by [the Reuses], and of which [the Reuses] are officers and directors." (Dkt. No. 10, at 3). The Reuses allege that as a result of the condemnation of the property, they "lost all income from ownership of [the] property and employment by Gray Gables Corporation." (*Id.*). As the property's legal owner, however, Gray Gables Corporation, is the entity that suffered the alleged injury directly. *Baker v. Bzydra*, No. 3:18-cv-01792, 2019 WL 6619348, at *1, 2019 U.S. Dist. LEXIS 213486, at *5 (D. Conn. Dec. 5, 2019) (finding the plaintiff, who was the "ex-president and owner" of CT 102 LLC, lacked standing to assert a Fourteenth Amendment violation stemming from an allegedly fraudulent hearing regarding a complaint filed against CT 102 LLC with the Connecticut Department of Motor Vehicles, explaining that "to the extent the complaint alleges an injury at all, it alleges that the injury was incurred by CT 102 LLC, not Plaintiff"); *Costello*, 2015 WL 1396448, at *4, 2015 U.S. Dist. LEXIS 38059, at *9–10 (finding the sole owner of corporation lacked standing where "the rights that the Town allegedly infringed belong[ed] to" the corporation itself as the "owner of the [p]roperty" at issue and the complaint was "devoid of any allegations that the Town took action against [owner of the corporation] independently," instead alleging the individual plaintiff was "'injured only as a result of the injury to'" the corporation (quoting *Bingham v. Zolt*, 66 F.3d 553, 562 (2d Cir. 1995)); *Blakely v. Cardozo*, No. 07-cv-3951, 2007 WL 2702241, at *3, 2007 U.S. Dist. LEXIS

9

68398, at *6 (S.D.N.Y. Sept. 17, 2007) ("Because the property at 477 West 142nd Street is the object of the City's in rem foreclosure action, only the property's legal owner, the HDFC [corporation], can be alleged to have suffered the requisite injury to confer standing.").

Because the Reuses allege they were "injured only a result of the injury to another," *Bingham*, 66 F.3d at 562, they fail to allege "[i]njury in a 'personal and individual way,' as Article III requires." *Costello*, 2015 WL 1396448, at *4, 2015 U.S. Dist. LEXIS 38059, at *10 (quoting *Lujan*, 504 U.S. at 560 n.1). *See also Caravella v. City of New York*, 79 F. App'x 452, 453 (2d Cir. 2003) (finding the plaintiff lacked standing to bring civil rights action under 42 U.S.C. § 1983 because "[t]he injuries to plaintiff as alleged were indirectly caused by harm to DVS and therefore are not 'distinct' from those of the corporation." (citing *Audio Odyssey, Ltd. v. Brenton First Nat'l Bank*, 245 F.3d 721, 729 (8th Cir. 2001)). Accordingly, Defendants' motion to dismiss the Complaint filed by Frederick and Cecile Reus for lack of standing is granted and as any amendment that includes Frederick or Cecile Reus as plaintiffs would be futile, Plaintiffs' cross-motion to amend with respect to the Reuses is denied.

## V.     MOTION TO DISMISS – Fed. R. Civ. P. 12(b)(6)

### A.     Standard of Review

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555). The court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)).

10

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B.     Analysis**

**1.     Procedural Due Process**

In the Amended Complaint, Plaintiff Gray Gables Corporation[6] asserts Defendants "wrongfully shut down and condemned" Gray Gables Apartments and that "Defendants failed to give plaintiffs due process of law in the deprivation of their property rights, equal protection of the 14th Amendment, and libeled and slandered plaintiffs, and conspired to do said damages." (Dkt. No. 10, at 1, 3).

Defendants assert that the allegation that they failed to provide notice identifying the repairs necessary to render Gray Gables Apartments safe for habitation and avoid condemnation is conclusory, and that the Amended Complaint fails to allege "facts which would support the relief requested." (Dkt. No. 4-1, at 14).

"The Fourteenth Amendment prohibits a state from 'depriv[ing] any person of life, liberty, or property, without due process of law.'" *WWBITV, Inc. v. Vill. of Rouses Point*, 589 F.3d 46, 50 (2d Cir. 2009) (citing U.S. Const. amend. XIV, § 1). The Fourteenth Amendment's Due Process Clause contains both a procedural component and a substantive component. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). The procedural component applies where there is an alleged deprivation by government action of a constitutionally protected interest without sufficient procedural safeguards, such as notice and a hearing. *Id.* at 127.

Review of a procedural due process question involves a "two-step inquiry;" the Court "must determine (1) whether [the plaintiff] possessed a liberty or property interest and, if so, (2)

---

[6] As Plaintiffs Frederick and Cecile Reus are dismissed for lack of standing, the Court considers the remainder of the motion to dismiss only as to Plaintiff Gray Gables Corporation.

11

what process [the plaintiff] was due before [the plaintiff] could be deprived of that interest." *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 313 (2d Cir. 2002). It is well-settled that "although notice and a predeprivation hearing are generally required, in certain circumstances, the lack of such predeprivation process will not offend the constitutional guarantee of due process, provided there is sufficient postdeprivation process." *Catanzaro v. Weiden*, 188 F.3d 56, 61 (2d Cir. 1999) (citing *Parratt v. Taylor*, 451 U.S. 527, 538 (1981)), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 330–31 (1986)). "[E]ither the necessity of quick action by the State or the impracticality of providing any meaningful predeprivation process, when coupled with the availability of some meaningful means by which to assess the propriety of the State's action at some time after the initial taking, can satisfy the requirements of procedural due process." *Id.* (quoting *Parratt*, 451 U.S. at 539).

Here, the Amended Complaint alleges that Tetreault notified Plaintiff in a letter dated July 7, 2019 that Gray Gables Apartments had been deemed "unfit for human occupancy" in accord with NY State Property Maintenance Code and Section 11 of the Local Law governing emergency cases. The letter, which is attached to the Amended Complaint, directed that "all persons occupying the structure" must "vacate the premises' [sic] by July 22, 2019." (Dkt. No. 10, at 10). The letter directs that the building remain vacant until Plaintiff has "an Engineering report completed detailing all deficiencies at the property and required repairs to bring the structure's [sic] into compliance with the NY State Building Code." (*Id.*). The letter does not identify the structure's deficiencies or the code violations. (*Id.*). Further, it appears from the July 16, 2019 meeting minutes, that Plaintiff's counsel was present at the hearing where the Town Board adopted the resolution directing that the property be vacated by July 22, 2019. It appears from the minutes that, at the outset of the meeting Plaintiff's counsel "asked for a chance to

12

speak after the resolutions are passed," and that after the resolutions had passed, Plaintiff's counsel objected to the passing of the second resolution and asked the Board to consider withdrawing the resolution. (*Id.* at 30, 33).

On this record Plaintiff has failed to plausibly allege a due process violation. *See WWBITV*, 589 F.3d at 50 (explaining that in "emergency situations a state may satisfy the requirements of procedural due process merely by making available 'some meaningful means by which to assess the propriety of the State's action at some time after the initial taking'" (quoting *Parratt*, 451 U.S. at 539)). Accordingly, the cross-motion to amend is denied with respect to the Fourteenth Amendment procedural due process claim.

### 2. Equal Protection

To establish a "violation of equal protection by selective enforcement," the plaintiff must show that "compared with others similarly situated, [it] was selectively treated; and . . . such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Crowley v. Courville*, 76 F.3d 47, 52–53 (2d Cir. 1996) (quoting *LaTrieste Rest.& Cabaret Inc. v. Vill. of Port Chester*, 40 F.3d 587, 590 (2d Cir. 1994)). For a "class of one" equal protection claim, "the plaintiff must plausibly allege that he or she has been intentionally treated differently from others similarly situated and no rational basis exists for that different treatment." *Progressive Credit Union v. City of New York*, 889 F.3d 40, 49 (2d Cir. 2018) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)); *see also Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("[C]lass-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." (quoting *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006)). The Amended Complaint alleges only that Defendants violated equal protection; it contains no facts

that would allow an inference that Defendants intentionally treated Plaintiff differently. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Accordingly, the cross-motion to amend to assert an equal protection claim is denied as futile.[7]

### 3. *Monell*[8] Claim

Defendants assert that Plaintiff has "not sufficiently pled . . . a claim against the Town under *Monell*." (Dkt. No. 4-1, at 17). The Court agrees. Under *Monell*, liability is extended "to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006). As Plaintiff fails to plausibly allege any underlying constitutional violations, its *Monell* claim necessarily fails as well. *E.g., id.* at 219 ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* was entirely correct.").

Accordingly, the cross-motion to amend with respect to the *Monell* claim is denied as futile.

### 4. State Law Claim

Having dismissed Plaintiff's federal claims,[9] the Court declines, in its discretion, to retain supplemental jurisdiction over Plaintiffs' state-law defamation claim. *See* 28 U.S.C.

---

[7] Having concluded the Amended Complaint fails to allege a due process or equal protection claim, the Court does not consider Defendants' arguments regarding personal involvement or qualified immunity in connection with this claim.

[8] *Monell v Dep't of Soc. Servs.*, 436 U.S. 658 (1978)

[9] In its memorandum of law, Plaintiff refers to the Fifth Amendment in connection with the alleged deprivation of their property and asserts that "Defendants suppressed Plaintiffs' speech not allowing them or their counsel to speak before the board voted to condemn Plaintiffs' property and evict all the tenants." (Dkt. No. 9, at 5–6). From these references, the Court concludes that Plaintiff may intend to assert a Fifth Amendment takings claim and a First Amendment speech claim. The Amended Complaint, however, contains no allegations in support of such claims.

§ 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). As the federal claims have been dismissed prior to the investment of significant judicial resources, the "traditional 'values of judicial economy, convenience, fairness and comity'" weigh in favor of declining to exercise supplemental jurisdiction. *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Cohill*, 484 U.S. at 350).

Accordingly, the cross-motion to amend the Complaint with respect to a state law defamation claim is denied as futile.

## VI.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 4) under Rule 12(b)(1) is **GRANTED**; and it is further

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and it is further

**ORDERED** that Plaintiffs' cross-motion to amend (Dkt. No. 6) with respect to the proposed Amended Complaint (Dkt. No. 10) is **DENIED as futile**.[10]

**IT IS SO ORDERED.**

Dated: August 31, 2020
       Syracuse, New York

Brenda K. Sannes
U.S. District Judge

---

[10] Plaintiffs sought amendment only with respect to the standing issue and have not sought to amend the Complaint to include additional factual allegations.